## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **HOPPE'S CONSTRUCTION, LLC,** | ) | |
| **an Oklahoma limited liability company,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 7:20-cv-218** |
| | ) | |
| **COPPER RIDGE RESOURCES LLC,** | ) | |
| **a Texas limited liability company,** | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hoppe's Construction, LLC ("Hoppe's Construction") alleges the following facts and cause of action against Defendant Copper Ridge Resources LLC ("Copper Ridge").

### PARTIES

1.      Plaintiff Hoppe's Construction is an Oklahoma limited liability company with its headquarters and principal place of business in Pontotoc County, Oklahoma.

2.      Upon information and belief, Defendant Copper Ridge is a Texas limited liability company with its headquarters and principal place of business in Midland County, Texas.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### STATEMENT OF FACTS

5.      Hoppe's Construction is in the business of renting out and providing on-site housing units and related equipment and services (*e.g.*, furnishing, moving, and/or emptying water and septic systems) for its customers, most of which are oil and gas companies.

6.      From February 2019 to November 2019, Copper Ridge requested and incurred charges for rental equipment and related services from Hoppe's Construction.

7.      Hoppe's Construction provided the rental equipment and related services to Copper Ridge, as requested, and submitted invoices as charges were incurred by Copper Ridge.

8.      Copper Ridge failed to pay all charges due and owed to Hoppe's Construction.

9.      True and correct copies of the unpaid invoices (several of which are signed by a representative of Copper Ridge) are attached hereto as **Exhibit 1**.

10.     Hoppe's Construction made multiple requests for payment from Copper Ridge, but Copper Ridge refused to pay the amounts due and owed to Hoppe's Construction.

11.     Hoppe's Construction was forced to hire legal counsel to collect and recover payment for the unpaid invoices from Copper Ridge.

12.     On January 13, 2020, Hoppe's Construction, through counsel, wrote to Copper Ridge, provided copies of all unpaid invoices, and demanded full payment from Copper Ridge.

13.     Copper Ridge did not submit any payment or otherwise respond to the demand letter from Hoppe's Construction dated January 13, 2020.

14.     On March 24, 2020, Hoppe's Construction, through its counsel, followed up with Copper Ridge, provided a copy of the first letter dated January 13, 2020, as well as the full account detail for Copper Ridge, and again demanded full payment from Copper Ridge.

15.     A true and correct copy of the account detail for Copper Ridge, which accurately sets forth the charges, dates, offsets, payments, and credits, is attached hereto as **Exhibit 2**.

16.     Copper Ridge did not submit any payment or otherwise respond to the demand letter from Hoppe's Construction dated March 24, 2020.

17.     As a result of Copper Ridge's repeated refusal to pay the amount due and owed for rental equipment and related services, Hoppe's Construction has been damaged in the amount of $181,243.36, plus accruing attorney fees and collection costs expended in recovering the past due amount, which amounts are fully recoverable by Hoppe's Construction.

## FIRST CAUSE OF ACTION
### (Suit on Sworn Account)

18.     Hoppe's Construction adopts and incorporates by reference all prior paragraphs.

19.     Hoppe's Construction provided the rental equipment and related services, as specifically set forth in the unpaid invoices attached as **Exhibit 1**, on an open account to Copper Ridge.  Copper Ridge accepted the rental equipment and related services and became bound to pay Hoppe's Construction its designated charges, which were reasonable and customary for such rental equipment and related services and, in any event, were according to the terms of the agreement between Hoppe's Construction and Copper Ridge.

20.     Along with a true and correct copy of the account detail for Copper Ridge (**Exhibit 2**), Hoppe's Construction has also attached the required affidavit hereto as **Exhibit 3**.

21.     The unpaid invoices and account detail accurately set forth the rental equipment and related services Hoppe's Construction provided to Copper Ridge, the applicable dates, the cost of the rental equipment and related services provided by Hoppe's Construction, and the charges incurred by Copper Ridge.  The account represents a record of the parties' transactions that is similar to records Hoppe's Construction systematically keeps in the ordinary course of business.

22.     In May and August 2019, Copper Ridge made partial payments on the account to Hoppe's Construction totaling $99,593.14.  The dates and amounts of Copper Ridge's payments are fully accounted for and credited to the account, as reflected in **Exhibit 2**.

23.     Copper Ridge did not make any further payments to Hoppe's Construction.

24.     This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.  The attached affidavit verifies these facts.  *See* **Exhibit 3**.

25.     The past due balance due on the account is $181,243.36.

26.     Hoppe's Construction is entitled to recover the past due balance, plus reasonable and necessary attorney fees and collection costs under Texas Civil Practice & Remedies Code § 38.001.  Hoppe's Construction retained legal counsel, who provided notice of the claims and copies of the necessary documents to Copper Ridge.  Copper Ridge did not respond or tender the amount owed within thirty (30) days after the claim was presented by Hoppe's Construction.

27.     Copper Ridge is liable and indebted to Hoppe's Construction, based on the account rendered and stated, in an amount no less than $181,243.36, plus attorney fees, costs, and any pre- and post-judgment interest, which amount is due and owing to Hoppe's Construction.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

28.     Hoppe's Construction adopts and incorporates by reference all prior paragraphs.

29.     Copper Ridge entered into a valid contract with Hoppe's Construction whereby it agreed to pay the charges for rental equipment and related services from Hoppe's Construction.

30.     Hoppe's Construction provided the rental equipment and related services and in all things performed its part of the obligations and conditions of the agreement with Copper Ridge.

31.     Pursuant to the contract, Copper Ridge is required to pay the charges for the rental equipment and related services provided by Hoppe's Construction.

32.     Copper Ridge violated its promise and obligation and materially breached the contract by failing and refusing to pay the charges that are due and owed to Hoppe's Construction.

33.     As a result of Copper Ridge's breach of the contract, Hoppe's Construction has been damaged in the past due amount of $181,243.36, plus accruing attorney fees and collection costs expended in recovering the past due amount from Copper Ridge.

34.     Hoppe's Construction is entitled to recover the past due amount, plus reasonable and necessary attorney fees and collection costs under Texas Civil Practice & Remedies Code § 38.001. Hoppe's Construction retained legal counsel, who provided notice of the claims and copies of the necessary documents to Copper Ridge. Copper Ridge did not respond or tender the amount owed within thirty (30) days after the claim was presented by Hoppe's Construction.

35.     Copper Ridge is liable and indebted to Hoppe's Construction, based on the parties' contractual agreement, in an amount no less than $181,243.36, plus attorney fees, costs, and any pre- and post-judgment interest, which amount is due and owing to Hoppe's Construction.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)

36.     Hoppe's Construction adopts and incorporates by reference all prior paragraphs.

37.     Copper Ridge requested and promised to pay the charges for rental equipment and related services from Hoppe's Construction.

38.     Hoppe's Construction relied on Copper Ridge's promises to its detriment by providing the rental equipment and related services, for which Copper Ridge now refuses to pay.

39.     The reliance by Hoppe's Construction was foreseeable, reasonable, and substantial in light of the circumstances in which Copper Ridge made its promises to Hoppe's Construction.

40.     Copper Ridge accepted, used, and enjoyed the rental equipment and related services fully aware that Hoppe's Construction was relying on Copper Ridge's promises to pay the charges for such rental equipment and related services from Hoppe's Construction.

41.     Copper Ridge violated its promises by failing and refusing to pay the charges that are due and owed to Hoppe's Construction.

42.     As a result of Copper Ridge violating its promises, Hoppe's Construction has been damaged in the past due amount of $181,243.36, plus accruing attorney fees and collection costs expended in recovering the past due amount from Copper Ridge.

43.     Hoppe's Construction is entitled to recover the promised payment, plus reasonable and necessary attorney fees and collection costs under Texas Civil Practice & Remedies Code § 38.001. Hoppe's Construction retained legal counsel, who provided notice of the claims and copies of the necessary documents to Copper Ridge.  Copper Ridge did not respond or tender the amount owed within thirty (30) days after the claim was presented by Hoppe's Construction.

44.     Copper Ridge is liable and indebted to Hoppe's Construction, based on promissory estoppel, in an amount no less than $181,243.36, plus attorney fees, costs, and any pre- and post-judgment interest, which amount is due and owing to Hoppe's Construction.

### FOURTH CAUSE OF ACTION
### (Quantum Meruit)

45.     Hoppe's Construction adopts and incorporates by reference all prior paragraphs.

46.     At Copper Ridge's request, Hoppe's Construction provided valuable rental equipment and related services to Copper Ridge.

47.     Copper Ridge accepted and had exclusive use and enjoyment of the rental equipment and related services provided by Hoppe's Construction.

48.     Copper Ridge accepted, used, and enjoyed the rental equipment under circumstances in which it knew that Hoppe's Construction was expecting to be paid by Copper Ridge.

49.     Copper Ridge benefitted from the use and enjoyment of the rental equipment and related services but has unfairly failed to make all payments to Hoppe's Construction.

50.     Copper Ridge has unfairly benefitted in the amount of $181,243.36, or such other amount as may be determined at the trial of this action.

51.     Hoppe's Construction is entitled to recover the unfair benefit from Copper Ridge, plus reasonable and necessary attorney fees and collection costs under Texas Civil Practice & Remedies Code § 38.001. Hoppe's Construction retained legal counsel, who provided notice of the claims and copies of the necessary documents to Copper Ridge. Copper Ridge did not respond or tender the amount owed within thirty (30) days after the claim was presented by Hoppe's Construction.

52.     Copper Ridge is liable and indebted to Hoppe's Construction, based on quantum meruit, in an amount no less than $181,243.36, plus attorney fees, costs, and any pre- and post-judgment interest, which amount is due and owing to Hoppe's Construction.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

53.     Hoppe's Construction adopts and incorporates by reference all prior paragraphs.

54.     At Copper Ridge's request, Hoppe's Construction provided valuable rental equipment and related services to Copper Ridge.

55.     Copper Ridge accepted and had exclusive use and enjoyment of the rental equipment and related services provided by Hoppe's Construction.

56.     Copper Ridge accepted, used, and enjoyed the rental equipment under circumstances in which it knew that Hoppe's Construction was expecting to be paid by Copper Ridge.

57.     Copper Ridge benefitted from the use and enjoyment of the rental equipment and related services but has unfairly failed to make all payments to Hoppe's Construction.

58.     Copper Ridge wrongfully secured a benefit from Hoppe's Construction in the amount of $181,243.36, or such other amount as may be determined at the trial of this action.

59.     The benefit obtained was the result of Copper Ridge's fraud, duress, or taking unfair advantage of Hoppe's Construction, which has damaged Hoppe's Construction.

60.     Hoppe's Construction is entitled to restitution and disgorgement for Copper Ridge's unjust enrichment, the imposition of a constructive trust on any amounts received as a result of Copper Ridge's unjust enrichment to the benefit of Hoppe's Construction, and reasonable and necessary attorney fees and collection costs under Texas Civil Practice & Remedies Code § 38.001.  Hoppe's Construction retained legal counsel, who provided notice of the claims and copies of the necessary documents to Copper Ridge. Copper Ridge did not respond or tender the amount owed within thirty (30) days after the claim was presented by Hoppe's Construction.

61.     Copper Ridge is liable and indebted to Hoppe's Construction, based on unjust enrichment, in amount no less than $181,243.36, plus attorney fees, costs, and any pre- and post-judgment interest, which amount is due and owing to Hoppe's Construction.

## PRAYER FOR RELIEF

WHEREFORE, Hoppe's Construction prays for the following relief:

1.      Judgment requiring Copper Ridge to pay compensatory damages and all other applicable damages allowed by law in an amount no less than $181,243.36;

2.      Judgment requiring Copper Ridge to pay the reasonable and necessary attorney fees and collection costs expended in recovering the past due amount, including the attorney fees and costs of prosecuting this action;

3.      Judgment requiring Copper Ridge to pay pre- and post-judgment interest as applicable and provided by law; and

4.      Such other and further relief that this Court may deem just and equitable.

Respectfully submitted,


s/Andrew R. Davis
Randall K. Calvert, OBA #14154
Andrew R. Davis, OBA #32763
CALVERT LAW FIRM
1041 NW Grand Boulevard
Oklahoma City, Oklahoma 73118
Telephone: (405) 848-5000
Facsimile: (405) 848-5052
E-mail: rcalvert@calvertlaw.com
        adavis@calvertlaw.com
*Attorneys for Plaintiff*